

# THE ATTORNEY GENERAL
## OF TEXAS

August 24, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Pat D. Westbrook                    Opinion No. JM-1089
Executive Director
Texas Commission for the Blind    Re: Enforcement of the sup-
P. O. Box 12866                        port dog laws under chapter
Austin, Texas    78711                 121 of the Human Resources
                                       Code (RQ-1749)

Dear Mr. Westbrook:

You refer to the provisions of sections 121.003 and 121.004(a) of the Human Resources Code. Section 121.003 prohibits, _inter alia_, discrimination against visually handicapped persons accompanied by support dogs in their use of public facilities. Section 121.004(a) provides:

> (a) A person, firm, association, corporation, or other organization, or the agent of a person, firm, association, corporation, or other organization who violates Section 121.003 of this chapter is guilty of <u>a misdemeanor and on conviction shall be punished by a fine of not less than $100 nor more than $300</u>. (Emphasis added.)

You say that "there appears to be confusion regarding the appropriate legal jurisdiction in enforcing this law . . . . It appears as though the City is not sure whether the County should prosecute this matter, and the County is not sure whether the City should prosecute this matter." You ask our advice in this respect.

Article V, section 19, of the Texas Constitution provides in full:

> Justice of the peace courts shall have original jurisdiction in criminal matters of misdemeanor cases punishable by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such other jurisdiction

> as may be provided by law.  Justices of the peace shall be ex officio notaries public.

The Code of Criminal Procedure, article 4.11, still provides that justice courts have jurisdiction of misdemeanors "where the fine to be imposed by law may not exceed two hundred dollars."  This provision was codified into the current Code of Criminal Procedure in 1965.  Acts 1965, 59th Leg., ch. 722, at 331.  At that time article V, section 19, of the constitution still provided that justice court jurisdiction extended to "criminal matters of all cases where the penalty or fine to be imposed by law may not be more than for two hundred dollars."  S.J.R. 14, Acts 1985, 69th Leg., § 7, at 3359.  The current provisions of article V, section 19, expanding justice court jurisdiction to "misdemeanor cases punishable by fine only" were adopted in 1985.  Id.

We think that the current article V, section 19, provision in question indicates on its face that it is self-enacting, i.e., that its provision for justice court jurisdiction over "misdemeanor cases punishable by fine only" does not require further legislative action to be given effect.  The public notice given for that constitutional amendment election ("The amendment would provide for the jurisdiction of justice courts, which may have additional jurisdiction as provided by law.") as well as the explanatory materials prepared by the Legislative Council and House Study Group, support, we think, our conclusion that the provision is self-enacting and controls over the narrower jurisdictional provision still found in article 4.11 of the Code of Criminal Procedure.  See Analyses of Proposed Constitutional Amendments Appearing on the November 5, 1985 Ballot, Texas Legislative Council Information Report No. 85-3, August 1985 ("changes . . . redefine . . . justice court jurisdiction"); House Study Group Special Legislative Report, 1985 Constitutional Amendments, August 23, 1985 ("The specific constitutional grants of jurisdiction to justice-of-the-peace courts in Art. 5, sec. 19, would be eliminated, except for original jurisdiction over misdemeanors punishable by fine only . . . ."); see also, Gov't Code § 27.031 (providing that justice courts have "the jurisdiction and powers provided by the constitution and other law").

Thus, at the county level, justice of the peace courts would have jurisdiction over the offense described in section 121.004(a) of the Human Resources Code.

Also, at the county level, various criminal district courts and constitutional and statutory county courts would have jurisdiction over such offense depending on the particular county in question. See Gov't Code ch. 24, subch. E (particular criminal district courts), §§ 26.045 (county court jurisdiction generally), 26.106-26.351 (particular county courts), 25.0003 (statutory county court jurisdiction generally), 25.0031-25.2512 (particular statutory county courts).

The officer performing the criminal law duties of the county attorney has responsibility for prosecuting offenses in the above-mentioned courts of the county. Code Crim. Proc. art. 2.02 (regarding county attorney's duties in courts of the county "below the grade of district court"). In some counties these duties are performed by the officer known as the criminal district attorney. See Gov't Code ch. 44 (for duties of criminal district attorneys in particular counties). In a few counties they are performed by a district attorney. See Gov't Code ch. 43 (for duties of district attorneys in specific counties; particularly, for example, § 43.180 regarding duties of Harris County District Attorney to represent the state in criminal cases pending in district and inferior courts of the county).

Thus, in answer to your question, at the county level the prosecutor responsible for representing the state in justice of the peace courts, and in the criminal district courts and constitutional and statutory county courts where those latter courts also have jurisdiction over the offense in question, would be responsible for prosecuting such offense.[1]

---

1.   We also note that various particular district courts are given concurrent jurisdiction with county courts in criminal matters. In such cases the district attorney responsible for prosecuting cases in such courts may prosecute the offense described in section 121.004(a) of the Human Resources Code. See Code Crim. Proc. art. 2.01 (district attorney's duty to represent the state in district court); Gov't Code §§ 24.101-24.276, 24.351-24.507 (regarding particular district courts and judicial districts).

Also, in a few cities the city attorney would have concurrent responsibility with the county level prosecutor for prosecuting the offense in question. While the jurisdiction of municipal courts proper with respect to criminal cases arising under state law is limited to offenses punishable by a fine not to exceed $200 under section 29.003(b) of the Government Code, and such courts would thus have no jurisdiction over an offense under section 121.004(a), the legislature has authorized certain municipalities to create a distinct tribunal called the municipal court of record. In some instances the legislature has expanded the jurisdiction of such municipal courts of record beyond that provided for municipal courts proper, which, as noted above, have no jurisdiction over the offense you ask about.

For example, the city of Austin is authorized to create municipal courts of record having concurrent jurisdiction with the justice court over criminal cases punishable by fine only. See Gov't Code § 30.323. Thus a municipal court of record created in Austin could have jurisdiction over a section 121.004(a) offense, and the city attorney or his deputies or assistants would be responsible for prosecuting such case. Gov't Code §§ 30.329, 30.490; see, e.g., id. §§ 30.381, 30.383 (a Dallas Municipal Court of Record has concurrent jurisdiction with justice court over offenses punishable by fine only). But see id. §§ 30.262-30.263 (Houston Municipal Court of Record jurisdiction over offenses for which justice court has jurisdiction only where punishable by fine not to exceed $200), 30.141, 30.143 (Fort Worth Municipal Court of Record jurisdiction over offenses under state law limited to that of municipal court proper). See generally id. ch. 30 (the provisions for particular municipal courts of record).

We also understand that you are concerned about apparent confusion among municipal police and county sheriff's office personnel as to their respective responsibilities for responding to reports of violations of section 121.004(a). A peace officer, whether a sheriff or sheriff's deputy or a municipal police officer, has the duty to act to keep the peace and to report to a magistrate all offenses under state law committed within his jurisdiction. Code Crim. Proc. arts. 2.12, 2.13. Therefore it would be appropriate for a person wishing to report a violation of section 121.004(a) to contact the sheriff's office or, if the offense was committed in an incorporated area, the municipal police.

## S U M M A R Y

The prosecutor at the county level -- the county attorney or in some cases the criminal district attorney or district attorney -- has responsibility for prosecuting the offense described in section 121.004(a) of the Human Resources Code, relating to discrimination against visually handicapped persons using support dogs in public facilities. Where the offense is committed in a city having a municipal court of record with jurisdiction over such offense, the city attorney may also prosecute such offense in that court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General